FRED PELLAR AND ROSALIE PELLAR, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51932.   Filed November 29, 1955.

*Elden McFarland, Esq.,* and *Melvan M. Jacobs, Esq.,* for the petitioners.

*John E. Owens, Esq.,* for the respondent.

300

OPINION.

FISHER, *Judge:* Respondent appears to have based his statutory notice of deficiency upon the theory that petitioners received income by virtue of the construction of their home in an amount measured by the excess of the total cost to Ragnar Benson, Inc., for constructing the dwelling over the amount paid to Ragnar Benson, Inc., by the Pellars. At the time of the trial of the case, and subsequently in respondent's brief, this view was revised to some extent, and respondent's position is stated in his brief as follows:

> Respondent * * * seeks only to recover the amount of tax lawfully due from the taxpayer. It was stated in Court that the petitioners are taxable only on the income they received; respondent is not contending that increased costs which resulted from errors of Ragnar Benson, Inc. and which did not enhance the market value of the house are income to the petitioners.

In view of the foregoing, and in the light of our conclusion, for the reasons hereinafter set forth, that the Pellars realized no taxable income from the transaction in question, we see no reason to determine the precise amount of the cost of construction attributable to the mistakes and miscalculations of Ragnar Benson, Inc., as distinguished from the costs due to changes made at the request of petitioners. For practical purposes, and as background for our discussion, we think we need only discuss whether or not the excess of the fair market value of the property (excluding land) over cost constituted income to the Pellars. We have found as an ultimate fact, upon consideration of the entire record, that such fair market value, on completion, was $70,000. The agreed price paid by the Pellars to Ragnar Benson, Inc., was $40,000. The Pellars likewise paid $23,466.94 in purchasing the ground, completing the house, and landscaping and improving the grounds. Eliminating $8,500 paid for the land, we have the net sum of $14,966.94, which, when added to the $40,000 paid to Ragnar Benson, Inc., gives a total of approximately $55,000 paid by the Pellars for a house worth $70,000.

The substantial issue is, therefore, whether the differential of approximately $15,000 was income to the Pellars. We realize that respondent still contends that the expense of various changes made at the request of the Pellars (other than items due to the errors of the contractor) for which the contractor made no charge, and which were not substantially reflected in the value of the house, should serve to increase this differential. As indicated above, however, in view of our ultimate conclusions, it is unnecessary to consider this view or to attribute a specific total amount thereto.

For the purpose of our discussion, therefore, we limit the issue to the question of whether the fact that, as Ragnar Benson put it, petitioners got $15,000 more house than they paid for, resulted in the realization by petitioners of taxable income.

We think there can be no doubt that the general rule is that the purchase of property for less than its value does not, of itself, give rise to the realization of taxable income. Such realization normally arises, and is taxed, upon sale or other disposition.

In *Palmer* v. *Commissioner*, 302 U. S. 63 (1937), the Supreme Court said (pp. 68, 69):

In §§ 111, 112 and 113 of the Revenue Act of 1928, [26 U. S. C. A. Pars. 111, 112 and notes, 113 note], profits derived from the purchase of property, as distinguished from exchanges of property, are ascertained and taxed as of the date of its sale or other disposition by the purchaser. Profit, if any, accrues to him only upon sale or disposition, and the taxable income is the difference between the amount thus realized and its cost, less allowed deductions. It follows that one does not subject himself to income tax by the mere purchase of property, even if at less than its true value, and that taxable gain does not accrue to him before he sells or otherwise disposes of it. Specific provisions establishing this basis for the taxation of gains derived from purchased property were included in the 1916 and each subsequent revenue Act and accompanying regulations.

In 1 Mertens, Law of Federal Income Taxation, page 227, paragraph 5.25, we find the following:

5.25. *Income Realized Through Purchase.* No taxable income results from the purchase of property assuming that the transaction is one at arm's length and that the relationship of the parties does not introduce into the transaction other elements indicating that the transaction is not simply a purchase but involves an exchange of other considerations. It requires strong evidence to rebut the presumption that what appears in good faith to be a purchase is not such. The fact that the property may be acquired at a bargain price or one below its "fair market value" does not require a departure from this rule.

Taxable gain does not accrue to the purchaser of property until he sells or otherwise disposes of it. This concept is specifically incorporated in the statute in the provisions providing for the recognition of gain or loss on the sale or other disposition of property.

As indicated above, acquisitions of property may result in taxable income where they do not represent purchases or where some other purpose is consummated by the acquisition of the property. There are many instances where this is true.

For example, property acquired in connection with a "bargain purchase" may represent compensation where the seller and the purchaser bear the relationship of employer and employee, or a dividend distribution, or a gift. The purchase by a corporation of its own bonds at a price below their issuing price is another frequent example of a purchase giving rise to taxable income.

See also *Delbert B. Geeseman*, 38 B. T. A. 258 (1938).

While the facts before us are obviously unusual, we fail to find any circumstances on the basis of which we may determine that petitioners realized taxable income upon the principles announced by the authorities cited above. In the instant case, there was no employer-employee relationship from which we might infer that the $15,000 differential was compensatory. It is clear, likewise, that the elements of a dividend are not present. Nor is there any other theory brought to our attention from which we may hold that income was realized.

The Pellars did receive more value than that paid for. This opportunity was afforded them because Ragnar Benson wanted Briskin's goodwill, any future business controlled by Briskin, and a continuation in the future of Briskin's favorable recommendations. Nevertheless, there was no obligation for Briskin (or petitioners) to favor Benson, in the future, in any of such respects.

We add that we do not think Benson himself had any idea, when he agreed to build the house, that his voluntary investment in goodwill would be so costly. Once the project was in motion, however, he adhered to his agreement as a matter of policy. We need not consider whether it was enforcible. Whether he will gain or lose in the end is no more before us than the question of petitioners' ultimate realization of gain upon future sale or exchange of the property.

We think that Benson's actions were akin to lavish expenditures for presents or entertaining. We think no more was intended by him, and that, in all events, petitioners were not obligated, in any legal sense, for services or other affirmative response.

Respondent's substantial reliance is upon *Commissioner* v. *Glenshaw Glass Co.*, 348 U. S. 426, 75 S. Ct. 473 (1955). It is necessary only to point out, in distinguishing the *Glenshaw* case, that it involved the taxation of exemplary damages for fraud and punitive treble damages for antitrust violations.

We hold, upon the foregoing discussion, that petitioners, under the circumstances discussed, realized no taxable income.

*Decision will be entered for petitioners.*